continue in effect until issuance of the mandate.

### PETITION FOR REVIEW DENIED.

Abel Nestor NICANOR;
et al., Petitioners,

v.

Peter D. KEISLER,* Acting Attorney General, Respondent.

No. 07–71876.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 1, 2007 **.

Filed Oct. 10, 2007.

Abel Nestor Nicanor, Garden Grove, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., M. Lee Quinn, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, BERZON and IKUTA, Circuit Judges.

MEMORANDUM ***

This is a petition for review of the Board of Immigration Appeals' ("BIA") order affirming the denial of petitioners' applications for cancellation of removal.

Upon review of the record and petitioners' response to the court's order to show cause, we conclude that petitioners Abel Nestor Nicanor and Cirila Bernabe Bahena have failed to raise a colorable constitutional or legal claim to invoke our jurisdiction over this petition for review. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001) (stating that traditional "abuse of discretion" challenges recast as alleged due process violations do not constitute colorable constitutional claims which would invoke appellate jurisdiction). Accordingly, respondent's motion to dismiss in part this petition for review is granted with respect to the above petitioners. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003); *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1144 (9th Cir. 2002).

Petitioners Juan Carlos Nicanor Bernabe and Lizbeth Nicanor Bernabe do not challenge the finding that they lack a qualifying relative as defined in 8 U.S.C. § 1229b(b)(1)(D). The BIA correctly concluded therefore that petitioners were ineligible for cancellation of removal. *See Molina–Estrada v. INS*, 293 F.3d 1089,

*** This disposition is not appropriate for publication and is not precedent except as provid-

1093–94 (9th Cir.2002). Accordingly, respondent's motion for summary disposition in part is granted with respect to the above petitioners.

All other pending motions are denied as moot. The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**